IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRANCE WATSON, | § | |
| | § | |
| Plaintiff Below, | § | No. 262, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| ANDREAS BENJAMIN, TAMMY | § | C.A. No. N24M-05-017 |
| JACKSON, DAVID HENDERSON, | § | |
| DOROTHY DILLARD, HERBERT | § | |
| KONOWITZ, STEVEN | § | |
| WASHINGTON, and MARGARET | § | |
| HENRY, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: July 19, 2024
Decided: July 25, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On July 5, 2024, the appellant, Terrance Watson, filed a notice of appeal from a Superior Court order, dated and docketed on May 30, 2024, denying his motion for reargument of a Superior Court order, dated and docketed on May 9, 2024, dismissing his petition for a writ of mandamus. Under Supreme Court Rules 6(a)(i) and 11(a), a timely notice of appeal would have been filed by July 1, 2024.

(2) The Senior Court Clerk issued a notice directing Watson to show cause why his appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Watson argues that he does not have control over when he receives mail in prison and the time to appeal should run from June 6, 2024, the date he received the Superior Court order.

(3) Watson's argument is contrary to Rule 6(a)(i), which requires the filing of an appeal "[w]ithin 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken in a civil case." The Office of the Clerk of this Court must receive the notice appeal within the applicable time period for it to be effective.[1] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3]

(4) Watson has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel.[4] He received the Superior Court's May 30, 2024 order on June 6, 2024, but according to the certificate of service did not submit the notice of appeal (which he dated July 1, 2024) for mailing until June 30, 2024.

---

[1] Supr. Ct. R. 10(a).
[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[4] *See, e.g., Zuppo v. State*, 2011 WL 761523, at *1 (Del. Mar. 3, 2011) (noting that "[p]rison personnel are not court-related personnel" and "any delay allegedly caused by prison personnel cannot excuse an untimely appeal").

2

This case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice